IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| STEVEN W. SWENSEN, ) | |
| ) | |
|     Debtor. ) | Bankruptcy No. 05-00210 |
| -------------------------------------------------------- | |
| STEVEN W. SWENSEN, ) | |
| ) | Adversary No. 10-09009 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
|     Defendant. ) | |

## ORDER RE: MOTION TO DISMISS

This matter came before the undersigned on July 2, 2010 on The United States' Motion to Dismiss. Attorney Jessica Reimelt appeared for Defendant, the United States Internal Revenue Service ("the IRS"). Plaintiff/Debtor Steven Swensen was represented by attorney Charles A. Walker. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Debtor's complaint seeks damages and attorney fees for the IRS's alleged violation of the discharge injunction under 11 U.S.C. § 524(a). Debtor states that the IRS improperly applied Debtor's 2006 income tax refund of $3,789 to unpaid, but discharged, taxes from 1997. The complaint seeks a finding that the IRS is in

civil contempt for violating the § 524 discharge injunction, as well as a monetary judgment of $3,789 plus interest from May 21, 2007, and attorney fees.

The IRS moves to dismiss this adversary proceeding. It issued Debtor a refund on May 24, 2010 of $4,570.03, which represents the 2006 tax refund plus interest. The IRS argues Debtor's claim for a monetary judgment is now moot. As Debtor concedes that he received the payment, the Court agrees that Debtor's request for return of the tax refund is moot.

The IRS also asserts 1) the complaint fails to state a claim sufficient for a finding that the IRS is in contempt by clear and convincing evidence, 2) Debtor failed to exhaust administrative remedies required to recover damages under 26 U.S.C. § 7433, and 3) Debtor failed to exhaust administrative remedies required to recover attorney fees under 26 U.S.C. § 7430.

## CONCLUSIONS OF LAW

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether the allegations show the plaintiff is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). For the court to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). The plaintiff has the burden to prove jurisdiction exists. Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

The Internal Revenue Code includes a section governing § 524 actions against the IRS. 26 U.S.C. §7433(e). This section states, in pertinent part:

> § 7433. Civil damages for certain unauthorized collection actions
>
> . . .
>
> (b) Damages. -- In any . . . petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant

2

shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of--

    (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

    (2) the costs of the action.

. . .

    (d) Limitations.--

    (1) Requirement that administrative remedies be exhausted. -- A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

. . .

    (e) Actions for violations of certain bankruptcy procedures.--

    (1) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section . . . 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

    (2) Remedy to be exclusive.--

    (A) In general. -- Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. §7433.

Courts considering this section have come to conflicting decisions regarding the requirements for bringing a §524 action against the IRS. The IRS cites In re Kuhl, 467 F.3d 145, 147 (2d Cir. 2006), which noted that § 7433(e) constitutes Congress' conditional waiver of sovereign immunity for the IRS's willful violation of the bankruptcy discharge. That court held that the debtor must exhaust administrative remedies as set out in 26 C.F.R. § 301.7433-2 before petitioning the bankruptcy court for damages. Id. Additionally, litigation costs such as attorney fees are recoverable under 26 U.S.C. § 7430, which also has an exhaustion requirement as delineated in 26 C.F.R. § 301.7430-1(a). Id.

The court stated: "The burden imposed by 26 C.F.R. § 301.7430-1 is exacting and non-intuitive, but taxpayers must comply with the letter of the government's narrow waiver of sovereign immunity in order to get to federal court." Id. at 148. Based on the debtor's failure to exhaust administrative remedies, the court dismissed the action for lack of jurisdiction. Id. at 149. Last week, the 7th Circuit Court of Appeals in Kovacs v. United States, --- F.3d ---, 2010 WL 2944048, at * 6 (7th Cir. July 29, 2010) (considering § 7433(d)(3)'s limitations provision), affirmed the district court's determination that the debtor must comply with the jurisdictional provisions of § 7433 prior to recovery from the IRS for a willful violation of the discharge injunction.

In contrast, the court in In re Johnston, 2010 WL 1254882, at *5-6 (Bankr. D. Ariz. Mar. 22, 2010), concluded that the regulation cited by the court in Kuhl, which requires exhaustion of administrative remedies, did not apply to a debtor seeking relief for a violation of the discharge injunction because of the "exclusive remedy" language of §7433(e)(2)(A). Likewise, the court in In re Graham, 2003 WL 21224773, at *2 (Bankr. E.D. Va. Apr. 11, 2003), concluded that there was no need to exhaust administrative remedies pursuant to the language of § 7433(e).

In In re Graycarr, Inc., 330 B.R. 741, 747 (Bankr. W.D. Ark. 2005), the court found that Graham failed to take into account "the precise wording of subsection (b), the damages clause for both subsections (a) and (e), both of which are limited by subsection (d)(1)." 26 U.S.C. § 7433. A review of the statute reveals that subsection (d)(1), which includes the exhaustion of administrative remedies

4

requirement, applies to damages awarded under subsection (b), which in turn applies to petitions filed under subsection (e), actions for violations of the bankruptcy discharge injunction.  Id.; contra Johnston, 2010 WL 1254882, at *5 (finding § 7433(b) "only pertains to an action which is brought under § 7433(a)," but not § 7433(e)).

The requirement that administrative remedies be exhausted before seeking damages in bankruptcy court was also applied in In re Abate, 2008 WL 1776529, at *2 (Bankr. D.N.J. Mar. 18, 2008).  Generally, if a party fails to exhaust mandated administrative remedies prior to filing an action in federal court, the court does not have subject matter jurisdiction to hear the action.  Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000) (noting case is not ripe for adjudication and is subject to dismissal under Rule 12(b)(1) where § 1983 plaintiff failed to exhaust state remedies); Graycarr, 330 B.R. at 747 (finding the court lacked subject matter jurisdiction based on plaintiff's failure to exhaust administrative remedies under § 7433).

## ANALYSIS

The Second and Seventh Circuit Courts of Appeals have both concluded that in order to bring a § 524 petition against the IRS, the debtor must first comply with the jurisdictional prerequisites of 26 U.S.C. § 7433, one of which is to exhaust administrative remedies.  Despite authority to the contrary, this Court agrees.  Section 7433(d)(1) requires that no judgment for damages shall be awarded unless the plaintiff has exhausted administrative remedies.  This section applies to Debtor's action herein through §§ 7433(e) and (b).

The related regulations found at 26 C.F.R. §§ 301.7433-1 and 301.7430-1 require Debtor to file an administrative claim for damages and attorney fees in writing to the Chief, Local Insolvency Unit, for the judicial district prior to filing a petition in bankruptcy court.  Because Debtor has not pursued this administrative remedy, his complaint for damages is not ripe for adjudication.  Thus, this Court does not have subject matter jurisdiction and the IRS's motion to dismiss must be granted.  Based on this conclusion, the Court will not consider the IRS's alternative argument that the complaint fails to state a claim on which the Court can find the IRS in contempt.  This proceeding will be dismissed without prejudice to allow Debtor to exhaust the required administrative remedies with the IRS.

**WHEREFORE**, The United States' Motion to Dismiss is GRANTED.

**FURTHER**, this adversary proceeding is DISMISSED WITHOUT PREJUDICE to allow Debtor to pursue the required administrative remedies under 26 U.S.C. § 7433 and related regulations.

Dated and Entered: August 2, 2010

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE